UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

RICHARD DELMAN, on Behalf of Himself and      :
All Others Similarly Situated,                               :
                                                                        :
                          Plaintiff,                             :
                                                                        :
v.                                                                      :        No. _____
                                                                        :
HEWLETT PACKARD ENTERPRISE CO. and      :        **DEFENDANTS' JOINT**
NEBRASKA MERGER SUB, INC.,                         :        **NOTICE OF REMOVAL**
                                                                        :
                          Defendants.                         :

-------------------------------------------------------------x

In accordance with 15 U.S.C. § 78bb(f) and 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Hewlett Packard Enterprise Company and Nebraska Merger Sub, Inc. (collectively, "HPE" or "Defendants"), hereby remove this action, captioned *Richard Delman., et al. v. Hewlett Packard Enterprise Co., et al.*, Index No. 54198/2017, from the Supreme Court of the State of New York, Westchester County, to the United States District Court for the Southern District of New York.  As grounds for removal, Defendants state as follows:

I.      **Parties and Background**

1.      Plaintiff Richard Delman alleges in the Complaint that he is a shareholder of HPE common stock.  He purports to bring a shareholder class action on behalf of himself and all public shareholders of Nimble Storage Inc. ("Nimble") arising out of a tender offer by Defendants for full control of Nimble (the "Tender Offer").[1]

2.      As alleged, on March 7, 2017, HPE and Nimble jointly announced the Tender Offer, as well as the fact that they had entered into an agreement under which Nimble's Board of Directors agreed to support the tender offer (the "Sale Agreement").  Plaintiff alleges that the

---

[1] By email, dated March 31, 2017, counsel for plaintiff advised that this allegation was a typographical error and that plaintiff is a shareholder of Nimble.

tender offer statement filed with the Securities Exchange Commission on Form SC TO-T and mailed to Nimble shareholders by HPE (the "Tender Offer Statement") contained materially false or misleading information pertaining to the Sale Agreement and Tender Offer.

3.      Plaintiff brings two purported causes of action arising out of substantially the same conduct.  First, Plaintiff claims that HPE violated duties it assumed when it mailed the Tender Offer Statement to Nimble's shareholders to ensure that the information in the Tender Offer Statement was neither false nor misleading.  Second, Plaintiff claims that HPE committed equitable fraud by knowingly or recklessly making false or misleading statements in the Tender Offer Statement in connection with soliciting Nimble's shareholders to tender their shares of Nimble's common stock.  Plaintiff asks for judgment (i) declaring that Defendants violated their duties to Nimble shareholders and knowingly or recklessly made false or misleading statements in the Tender Offer Statement, (ii) requiring HPE to make corrective disclosures or enjoining or unwinding the Sale Agreement if they do not, and (iii) awarding Plaintiff and putative class members rescissory and other damages.

4.      On March 29, 2017, Plaintiff filed the instant Complaint in the Supreme Court of the State of New York, Westchester County.  In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon defendants in this action are attached hereto, with Plaintiff's State Court Complaint as Exhibit 1, E-Filing Notice as Exhibit 2, and State Court Summons as Exhibit 3.  Both Defendants were served with the summons and Complaint on March 30, 2017.

II.      **Removal of this Action Under SLUSA Is Proper.**

5.      The Complaint alleges violations of "applicable law."  Compl. ¶ 31.  If the claims in the Complaint are read as arising under state law, removal of this action is proper pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  Under SLUSA, "[a]ny

covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1)." 15 U.S.C. § 78bb(f)(2).  Paragraph (1), in turn, provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

*Id*. § 78bb(f)(1).

6.      As set forth below, the Complaint meets each of the elements set forth in SLUSA.

**A.      Covered Class Action**

7.      The action initiated by Plaintiff qualifies under SLUSA as a "covered class action." The Complaint—specifically designated a "Class Action Complaint"—seeks "to recover damages on a representative basis on behalf of [Plaintiff] and other unnamed parties similarly situated," and alleges that "questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members."  *Id*. § 78bb(f)(5)(B)(i)(II); *see* Compl. ¶¶ 14-18.  The action separately qualifies as a "covered class action" because "damages are sought on behalf of more than 50 . . . prospective class members, and questions of law or fact common to those . . . members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members."  15 U.S.C. § 78bb(f)(5)(B)(i)(I); *see* Compl. ¶¶ 14-18.

**B.      Covered Security**

8.      The Complaint similarly satisfies the requirement that the underlying security be a

"covered security." Under SLUSA, a security is "covered" if it is "listed, or authorized for listing, on the New York Stock Exchange." 15 U.S.C. § 77r(b)(1)(A); *see id*. § 78bb(f)(5)(E) (incorporating definition into SLUSA by reference). As set forth in the Tender Offer Statement, Nimble's shares are listed and traded on the New York Stock Exchange under the symbol "NMBL." *See* Tender Offer Statement, <u>Exhibit 4</u>, at 20.

### C. Misrepresentation or Omission, or Manipulative Device or Contrivance, in Connection With the Purchase or Sale of a Covered Security

9. In addition, the Complaint is replete with allegations that Defendants committed "misrepresentation[s] or omission[s] . . . in connection with the purchase or sale" of the covered security at issue—that is, shares of Nimble's common stock. *Id.* § 78bb(f)(1)(A); *see, e.g.*, Compl. ¶ 29 (alleging that HPE "knowingly and/or recklessly made false and misleading statements in," and "omitted material information from," the Tender Offer Statement, and outlining specific allegations). Because Plaintiff's claims are based on alleged misstatements or omissions in connection with the purchase or sale of a covered securities—i.e., the sale of Nimble's common stock shares pursuant to the Tender Offer and Sale Agreement—SLUSA applies.

10. This action also falls within SLUSA for the independent reason that it is founded upon allegations "that the defendant used or employed [a] manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(B); *see, e.g.*, Compl. ¶ 26 ("HPE colluded with Nimble and its Board in breach of its fiduciary duties, by insisting on timing the announcement of the Sale Agreement on or before the public release of Nimble's successful fourth quarter in order to distract shareholders from the insufficient $12.50 per share price.").

### D. Inapplicability of SLUSA's "Carve-Out" Exemption

11. Congress exempted from SLUSA's purview cases that are "based upon the

statutory or common law of the State in which the issuer is incorporated" and involve either:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or (II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that—(aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. 78bb(f)(3)(A).  The Complaint alleges neither claims arising under the law of Delaware (Nimble's state of incorporation) nor claims involving a recommendation made by or on behalf of Nimble.  This exemption is inapplicable.

**III.  In the Alternative, Removal is Proper Because Plaintiff's Claims Arise Under Federal Law.**

12.  In the alternative, removal is proper because each of Plaintiff's claims arises under federal law.  *See* 28 U.S.C. §§ 1331, 1441(a).  Plaintiff alleges that Defendants knowingly or recklessly made false or misleading statements in their Tender Offer Statement filed on SEC Form SC TO-T.  Plaintiff's claims arise under Section 14(e) of the Securities Exchange Act of 1934, 15 U.S.C § 78n(e), over which the federal courts have exclusive jurisdiction, *id*. § 78aa(a).

**IV.  Removal to This Court is Timely and Proper.**

13.  Both Defendants were served with the summons and a copy of the Complaint on March 30, 2017, and have jointly filed this Notice of Removal.  This Notice of Removal is filed within thirty days of service on the Defendants and is therefore timely pursuant to 28 U.S.C. § 1446(b).

14.  The United States District Court for the Southern District of New York is the federal judicial district embracing the Supreme Court of the State of New York, Westchester County, where this lawsuit was originally filed.

15.  By filing this Notice of Removal, Defendants do not waive and expressly reserve

any rights, claims, actions, defenses, or set-offs to which they are or may be entitled to in law or at equity.  Further, Defendants do not concede that this Court possesses personal jurisdiction over any one of the Defendants, do not concede that the United States District Court for the Southern District of New York is the proper venue for this action, and do not concede the complaint states a claim or a cause of action.

16.    Defendants will promptly file a true and correct copy of this Notice of Removal in the Supreme Court of the State of New York, Westchester County, and serve written notice of the same upon all parties to the action, in accordance with 28 U.S.C. § 1446(d).

Wherefore, pursuant to 15 U.S.C. § 78bb(f) and 28 U.S.C. §§ 1331, 1441 and 1446, Defendants hereby remove this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, New York County.

Dated:  March 31, 2017

Respectfully Submitted,

WACHTELL, LIPTON, ROSEN & KATZ

/s/ Peter C. Hein
Peter C. Hein
Marc Wolinsky
Ishpuneet K. Chhabra
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019
(212) 403-1000
Email: PCHein@wlrk.com

*Attorney for Defendants Hewlett Packard Enterprise Company and Nebraska Merger Sub, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 31 day of March, 2017, a true and correct copy of the foregoing Notice of Removal was served via e-mail and U.S. mail, first-class, postage pre-paid, to the following counsel of record:

Richard Brualdi
The Brualdi Law Firm, P.C.
29 Broadway, Suite 2400
New York, NY 10006
rbrualdi@brualdilawfirm.com


*Attorney for Plaintiff Richard Delman*


/s/ Ishpuneet K. Chhabra